UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERMAIN MARVIN ALEXANDER, | * |
| Petitioner, | * |
| v. | * Civil Action No. 18-cv-11100 |
| STEPHEN SPAULDING, Warden, | * |
| Respondent. | * |

MEMORANDUM AND ORDER

March 4, 2019

TALWANI, D.J.

I.  Introduction

Petitioner Jermain Marvin Alexander, a prisoner incarcerated at Federal Medical Center ("FMC") Devens in Ayer, Massachusetts, filed this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1].[1] Petitioner, who was sentenced in the Western District of Michigan, asserts that the United States Court of Appeals for the Sixth Circuit no longer recognizes as crimes of violence the predicate offenses for his career offender sentencing enhancement, and requests that this court transfer his petition to the Sixth Circuit. Presently at issue is Respondent's Motion to Dismiss [#8]. For the reasons set forth below, Respondent's motion is ALLOWED and the Petition is dismissed.

---

[1] Petitioner named "Warden" as the Respondent. Pet. 1 [#1]. Respondent's motion identifies the warden of FMC Devens, Stephen Spaulding, and uses his name in the caption. The court proceeds likewise.

II.  Background

In December 2006, a grand jury in the Western District of Michigan returned a one-count Indictment charging Petitioner with possession with intent to distribute more than 50 grams of cocaine base pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). United States v. Alexander, No. 1:06-cr-00312, Indictment, Docket 7 (W.D. Mich. Dec. 14, 2006).[2] Petitioner pled guilty before a magistrate judge in January 2007, and the district court accepted his guilty plea approximately one month later. Id. at Dockets 19, 22. In June 2007, Petitioner was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.2, to 30 years' imprisonment, to be followed by five years of supervised release, and a $100 mandatory assessment. Id at Docket 29; United States v. Alexander, 543 F.3d 819, 821 (6th Cir. 2008).

On direct appeal, Petitioner argued *inter alia* that the district court erred by finding that he was a career offender because one of the predicate offenses used to classify him as a career offender, assaulting a police officer causing bodily injury requiring medical attention, Mich. Comp. Laws Ann. § 750.81d(2), is not properly classified as a crime of violence. Id. at 823. The United States Court of Appeals for the Sixth Circuit concluded that because "causing a bodily injury" is an element of the crime defined by section 750.81d(2), and the record shows that Petitioner was previously convicted of that offense, his previous conviction was properly classified as a crime of violence pursuant to U.S.S.G. § 4B1.2(a). Id. at 823-24. After concluding

---

[2] The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), amended 21 U.S.C. § 841(b)(1)(A)(iii) prospectively to require more than 280 grams, rather than 50 grams, of cocaine base for penalties set forth therein. On December 21, 2018, the First Step Act of 2018 was signed into law, allowing (but not requiring) a sentencing court to impose a reduced sentence as if the Fair Sentencing Act of 2010 was in effect at the time the offense was committed. Pub. L. No. 115-391, Tit. IV, § 404(b), 132 Stat. 5194 (2018). A motion seeking such relief must be filed with the sentencing court, not this court. See Id.

that Petitioner's sentence was both procedurally and substantively reasonable, the Sixth Circuit affirmed the district court's judgment. Id. at 826.

In 2009, Petitioner filed his first motion to vacate, set aside, or a correct his sentence under 28 U.S.C. § 2255. Alexander v. United States, No. 1:09-cv-889, 2010 WL 2573372, at *1 (W.D. Mich. June 23, 2010). Petitioner argued that his sentence should be set aside because, among other reasons, his trial counsel was ineffective for failing to object at sentencing to the court's determination that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1. Id., at *2. The district court found that Petitioner's trial counsel was not ineffective for failing to object to Petitioner's designation as a career offender considering the Sixth Circuit's finding that Petitioner was correctly classified as such. Id., at *5. The district court further noted that "a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law," and that "[a]s a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255." Id. (citing DuPont v. United States, 76 F.3d 108, 110-11 (6th Cir. 1996)). The court denied Petitioner's § 2255 motion and denied Petitioner a certificate of appealability. Id., at *6.

In 2010, Petitioner filed a notice of appeal of the district court's denial of his first habeas petition and moved the district court for a certificate of appealability, which the district court again denied. Alexander v. United States, No. 1:09-cv-889, Dockets 12, 13, 15. In 2011, Petitioner filed on the (civil) habeas docket a motion challenging the district court's jurisdiction over his criminal conviction. Id. at Docket 16. The district court construed this filing as a motion for permission to file a second and subsequent application for § 2255 habeas relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, and, in March

3

2011, transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631.[3] Id. at Docket 17. Petitioner also filed the same motion challenging the district court's jurisdiction in his underlying criminal case, which the district court similarly transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. United States v. Alexander, No. 1:06-cr-00312, Dockets 42, 52.

The Sixth Circuit construed Petitioner's notice of appeal of the district court's denial of his first § 2255 motion as an application for a certificate of appealability pursuant to Fed. R. App. P. 22(b)(2), which it then denied. Order, Alexander v. United States, No. 10-1888 (6th Cir. March 29, 2012). The court found that Petitioner had not made a substantial showing of the denial of a federal constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Id. The Sixth Circuit highlighted its ruling on direct appeal that Petitioner's career offender status was properly decided, and that the issue may not be relitigated through a § 2255 motion. Id. The Sixth Circuit also reviewed the referred motion for permission to file a second or successive habeas petition or motion to vacate under § 2255, sent Petitioner a letter notifying him that his application was procedurally deficient pursuant to Sixth Circuit Local Rule 22, and gave him a brief extension to cure the defaults. In re Jermain Alexander, No. 12-1136 (6th Cir. 2012), Docket 3-1. Petitioner failed to correct the deficiency and the court dismissed Petitioner's motion for want of prosecution. Id. at Docket 4-2.

In February 2017, while incarcerated at FMC Devens in Ayers, Massachusetts, Petitioner filed in the Sixth Circuit a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h), asking the court to

---

[3] According to 28 U.S.C. § 2255(h), a second or successive motion must be certified by the Court of Appeals to contain newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or that the Supreme Court established a new constitutional rule, that was previously unavailable, made retroactive to cases on collateral review.

issue an order authorizing the district court to consider a second or successive application. Alexander v. United States, No. 17-1177 (6th Cir. Feb. 16, 2017). In his motion, Petitioner asserted that his designation as a career offender was unlawful in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2251 (2015). He argued in his memorandum in support of his motion that two of his prior convictions no longer qualify as predicates for a career offender sentencing enhancement after the Supreme Court's ruling in Mathis v. United States, 136 S. Ct. 2243 (2016). Petitioner further argued that the Sixth Circuit held in Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), that Mathis was a new rule of statutory interpretation. Alexander v. United States, No. 17-1177, Docket 12.

The Sixth Circuit denied Petitioner's 2017 motion, holding that Johnson has no effect on Petitioner's sentence in light of Beckles v. United States, 137 S. Ct. 886 (2017), which concluded that U.S.S.G. § 4B1.2(a)(2)'s residual clause is not subject to void-for-vagueness challenges, and that Mathis did not establish a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. Id. at Order, Docket 13 (citing Washington v. United States, 868 F.3d 64 (2nd Cir. 2017); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016); Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016)).

This Petition [#1] and Respondent's Motion to Dismiss [#8] followed.

III.   Analysis

A collateral challenge to the length of a petitioner's sentence generally must be brought before the sentencing court under 28 U.S.C. § 2255. Trenkler v. United States, 536 F.3d 85, 97–98 (1st Cir. 2008). Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise

5

subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). Here, Petitioner's request for habeas relief challenging the validity of his career offender enhancement under the Sentencing Guidelines falls squarely under § 2255. As Petitioner was convicted in the Western District of Michigan, this court does not have jurisdiction to hear or revise a sentence imposed in a different district. See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (section 2255 petition must be brought in the sentencing court).

Petitioner, however, brings this petition under 28 U.S.C. § 2241(b), not § 2255, asking this court to transfer his petition for post-conviction relief to the Sixth Circuit. Section 2241(b) states that "[t]he *Supreme Court*, *any justice* thereof, and *any circuit judge* may decline to entertain an application for writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C. § 2241(b). This subsection does not allow a district court to transfer a petition to a circuit court or any other district. Nor do any of the other transfer statutes allow this court to grant petitioner the relief he seeks as all limit transfer to a district where the action could have been brought when it was initially commenced. 28 U.S.C. §§ 1404(a), 1406(a), 1631. As Petitioner is confined in this district, and this district alone has jurisdiction over the Respondent named in the petition, Petitioner's action could not have been commenced in the Sixth Circuit.

Section 2241 generally allows federal prisoner to challenge the *execution*, rather than the validity, of a sentence. Barrett, 178 F.3d at 50 n.10; see also United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976). "[W]hen a petitioner challenges the validity rather than the execution of his sentence in a petition under section 2241, jurisdiction lies[] not in the sentencing court per section 2255, but in the district court that has jurisdiction over the custodian." Norton v. United States, 119 F. Supp. 2d 43, 45 (D. Mass. 2000). As Petitioner is incarcerated at FMC

6

Devens in Ayers, Massachusetts, a petition challenging the execution of his sentence is properly filed in this court. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004). But Petitioner's claim does not challenge the manner, location, or conditions of his sentence as is appropriate under a § 2241 petition, but rather challenges the validity of the sentencing court's determination that his prior convictions constitute predicate offenses for purposes of the career offender sentencing enhancement under U.S.S.G. § 4B1.1.

In very limited circumstances, a federal prisoner may contest the legality of his conviction or sentence through a § 2241 petition pursuant to the "savings clause" of § 2255. See Barrett, 178 F.3d at 49-50.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "A petition under § 2255 cannot become "inadequate or ineffective," thus permitting use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive requirements.' Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture." Barrett, 178 F.3d at 50.

"[C]ourts have allowed recourse to the savings clause [only] in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice.'" Trenkler, 536 F.3d at 99 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The Supreme Court has limited the term "miscarriage of justice" to include only "'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of a crime.'" Id. (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). The First Circuit has not yet decided whether this exception applies

to sentencing enhancements. Smith v. Grondolsky, 299 F. Supp. 3d 287, 299 (D. Mass. 2018); United States v. Barrett, Nos. CR 10-062 ML, CR 10-135 ML, 2015 WL 4920803, at *3 (D.R.I. Aug. 18, 2015).[4] The court does not resolve the question in this case, however, since Petitioner has not shown that § 2255 would be "inadequate or ineffective."

"[T]he essential function of habeas corpus" is "'giv[ing] a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" Barrett, 178 F.3d at 51 (alteration in original) (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). Here, the Sixth Circuit concluded on direct appeal that Petitioner's conviction under Mich. Comp. Laws. Ann. § 750.81d(2) is a crime of violence under U.S.S.G. § 4B1.2(a), Alexander, 543 F.3d at 823, and, generally, sentencing matters on direct appeal may not be relitigated under § 2255. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990). Moreover, the Sixth Circuit rejected the very Mathis claim that Petitioner raises here when it denied his motion for leave to file a second or successive § 2255 motion in 2017. In re Alexander, No. 17-1777, at Docket 13-2. Petitioner has been given a reasonable opportunity to obtain a reliable judicial determination of the legality of his career offender enhancement and is not entitled to relief simply because he cannot meet AEDPA's "second or successive" requirements.

Additionally, the two Sixth Circuit cases Petitioner cites do not overrule the Sixth Circuit's holding in his direct appeal. In United States v. Young, the Sixth Circuit affirmed a sentence by finding that a violation of Michigan's fleeing-and-eluding statute

---

[4] The Sixth Circuit has found that a challenge to a misapplied career-offender enhancement may meet the requirements of the savings clause of § 2255(e) and may therefore be brought under § 2241. See Hill v. Masters, 836 F.3d 591.

8

was a violent felony under the Armed Career Criminal Act. 580 F.3d 373, 377–78 (6th Cir. 2009). In United States v. Mosley, the Sixth Circuit concluded that Mich. Comp. Laws. Ann. § 750.81d(1)—not subsection (d)(2), for which Petitioner was convicted— did not categorically qualify as a "crime of violence" under the Sentencing Guidelines. 575 F.3d 603, 607-08 (6th Cir. 2009). That decision has no effect on the Sixth Circuit decision in Petitioner's direct appeal that a violation of subsection (d)(2) constitutes a crime of violence.

Accordingly, Petitioner cannot sustain his burden of showing that § 2255 is inadequate or ineffective, and therefore cannot state a valid claim under § 2241.

IV. Conclusion

For the foregoing reasons, the Respondent's Motion to Dismiss [#8] is ALLOWED. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] is DISMISSED.

IT IS SO ORDERED.

Date: March 4, 2019　　　　　　　　　　　　　　/s/ Indira Talwani
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge